**U.S. COURTS**

APR 29 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Kwasi Buffington
1750 SE Johnson Apt 7
Pullman, WA 99163
Telephone: (208) 310-3688
kwasi.buffington@yahoo.com
Pro Se Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| KWASI BUFFINGTON, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF IDAHO, a public<br>university,<br><br>          Defendant. | Case No. 3:19-cv-00115-BLW<br><br>COMPLAINT AND JURY DEMAND |

FOR CLAIMS AGAINST DEFENDANT, Plaintiff Kwasi Buffington, an individual, states

and alleges the following:

## **PARTIES**

1. <u>Kwasi Buffington</u>:  Plaintiff Kwasi Buffington was, at all times

COMPLAINT AND JURY DEMAND - 1

1    relevant hereto, a 44-year-old African-American male student at the University of Idaho.

2    2. University of Idaho:  Defendant University of Idaho is an institution of

3       higher education in the State of Idaho and is under the general supervision, government and

4       control of the Idaho State Board of Education, which acts as the board of regents of said

     College.

     3. University of Idaho:   Defendant University of Idaho is the educational institution

        located in Latah County, in Moscow, Idaho, heretofore known as University of Idaho

        pursuant to Idaho Code § 33-2801

     4. University of Idaho:  Defendant University of Idaho is an institution of

        higher education and is, therefore, a public corporation that may be sued in its own

        name pursuant to Idaho Code § 33-3804.

COMPLAINT AND JURY DEMAND - 2

1
2

## JURISDICTION AND VENUE

5. Title IX

The University of Idaho receives federal funding and financial assistance within the meaning of Title VI, 42 U.S.C. § 2000d *et seq.* and is otherwise subject to Title VI.

6. Jurisdiction:  The Court has subject matter jurisdiction over this matter

pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law

including claims made under the Civil Rights Act of 1964 ("Title VI"),

42 U.S.C. § 2000d *et seq.* The Court has supplemental jurisdiction over the state law claims

pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts

and therefore form part of the same case or controversy, under Article III of the U.S.

Constitution

7. Venue:  Venue is proper in this Court under 28 U.S.C. § 1391(b) because 24

Defendant University of Idaho is located within the State of Idaho and the events or a

omissions giving rise to the Plaintiff's claims occurred within the State of Idaho in this

judicial district.

COMPLAINT AND JURY DEMAND - 3

8. All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred, been performed or otherwise waived.

**PERTINENT FACTS**

9. Plaintiff incorporates and re-alleges paragraphs 1

through 8 as if fully set forth herein.

10. Buffington was a first-year graduate student enrolled at the University of Idaho ("University" or "Defendant").

11. On November 11, 2017, Buffington was denied psychological testing due to

longstanding math difficulties, at the Counseling and Testing Center.

**PERTINENT FACTS**

12. Plaintiff incorporates and re-alleges paragraphs

1 through 8 as if fully set forth herein.

13. Buffington was a first-year graduate student enrolled at the University of Idaho ("University" or "Defendant").

COMPLAINT AND JURY DEMAND - 4

14. On November 11, 2017, Buffington was denied psychological testing due to

longstanding math difficulties, at the Counseling and Testing

Center.

15. Prior to that, Buffington was an under graduate student at the University

of Mississippi. Buffington did not pass his College Algebra course during his

Senior year at the University of Mississippi on or about May, 2017 shortly

after graduation.

16.On or about January 24, 2017 Buffington was accepted as a graduate student at the

University of Idaho as stated in the acceptance letter from the University of Idaho Graduate

Admission's office. Buffington also received notification via email on September 8, 2017

from the National Student Clearinghouse which verifies the enrollment for, Kwasi

Buffington.

17. On or about July 19, 2017 Buffington and his Mother moved to Pullman Washington

and Moscow Idaho respectively.

COMPLAINT AND JURY DEMAND - 5

18. On or about Monday, August 21, 2017 the Fall Semester began. In late September Buffington received a letter from the College of Graduate Studies (COGS) stating the degree requirements and that he did not pass my math course at the University of Mississippi. Dean of COGS, Jerry McMurtry met with Theater Department Chair, Ann Hoste and Theater Professor, Dean Panttaja to discuss this. COGS suggest that Buffington take an online math course and once completed the credit hours would be transferred to the University of Mississippi to satisfy the math requirement. Mr. McMurtry and Buffington met in his office at 2pm, Monday October 9th and he stated that Buffington had one month to complete the Idaho Independent Study Class (ISI), yet it states on the ISI website that students have one year to complete the online course. This is a provision of education of school policy and procedure that violates the Equality Act under unfair treatment.

19.  After Buffington's meeting with Dean McMurtry, he enrolled in an ISI class. Given his severe math disability Buffington wanted to meet with the professor, Ms. Cynthia Piez, of the online math course to discuss this. Buffington emailed her on October 24th to request said meeting, but Professor Piez refused to meet with him. Buffington replied thanking her

COMPLAINT AND JURY DEMAND - 6

for explaining and for her speedy reply. Buffington then sent an email to Ann Hoste, Dean

Panttaja and his Student Success Counselor, John Myers explaining what happened. The

next day Professor Piez agreed to meet with him, but by then he received an email from

Bonnie Whismore (ISI) who explained the situation.  Professor Piez initial communication

was also discriminatory based on the denial of access to services and policy and procedure

in relation to unfair treatment under the Equality Act.


20.  The testing for disability was originally scheduled for some time in October 2017 at the

CTC, but the date was moved forward to November 11, 2017. Prior to the testing date

Buffington on or about July 2017, before the Fall Semester begin went to the CTC to inquire

about testing and was given a question and answer packet to fill-out. Buffington filled-out

the packet and returned it to CTC the same day. Buffington was told via email by CTC

Administrative Coordinator, Candi Bailey that he was first on the list to be tested in

November of 2017 and that she will forward the message to CTC Director of Testing

Services, Steve Saladin:


COMPLAINT AND JURY DEMAND - 7

21. Bailey, Candi (candib@uidaho.edu)

    Fri 9/29/2017, 10:15 AM

    Kwasi,

I was told that you called yesterday to inquire about Testing.  I haven't been given the go ahead yet to schedule, but you are at the top of the list to be tested for November.  The testing marathon will be held on Saturday, November 11th.  You would need to be available from 8am to 5pm that day.  There would also be 2 prior appointments that would need to be scheduled before that date during the week.

    Candi

    Candi Bailey

    Administrative Coordinator

    University of Idaho Counseling & Testing Center Phone: (208)885-6716 /

Fax: (208) 885-4354 E-mail: candib@uidaho.edu

    Mon 10/2/2017, 9:26 AM

COMPLAINT AND JURY DEMAND - 8

22. Candi,

Thank you for the communication. I have marked the dates in my calendar. As for the two

prior meetings just let me know when and I will make the date.

> Best,
>
> Kwasi

23.   Buffington, Kwasi (buff6894@vandals.uidaho.edu); Saladin, Steve
(ssaladin@uidaho.edu)

Hi Kwasi,
Our next LD Testing date is not until November 11th.  I have not been given the list of

names yet to begin scheduling appointments.  I expect this probably next week and then I

will begin the calls.  The first appointment would be 90 minutes with a counselor, followed

by a 3-hour appointment for the WAIS test.  This would all take place prior to the

November 11th testing marathon.  From there it takes approximately 8 weeks to get the

results back. I will forward this email on to the Testing Director.

Candi

COMPLAINT AND JURY DEMAND - 9

24.   Testing Dates

Buffington, Kwasi (buff6894@vandals.uidaho.edu)

  Bailey, Candi (candib@uidaho.edu)

Fri 10/6/2017, 11:29 AM

  Candi,

I have a dire and urgent situation that requires immediate attention and cooperation with the

testing and counseling department, please.

I received a letter from the graduate admissions office last week stating that they are

waiting for my final transcripts from the University of Mississippi and that if not received

by November I will be classified as an undergraduate and out of the MFA Theater program.

The problem is that I did not pass algebra my Senior year so I took it at the local

community college this past summer. I was not able to travel to the district branch to take

my final so I failed the class. At the moment I am beginning negotiations with North West

Community College to get my grade changed to an incomplete and to have the

COMPLAINT AND JURY DEMAND - 10

opportunity to retake the final exam here in Moscow by November. May I please request that my counseling and testing date take place ASAP, before my scheduled counseling date of November 11?

Kwasi

25.  On November 11, 207 at approximately 9:00 Buffington arrived at the CTC for said testing. As Buffington sat and waited in the hallway for his name to be called. other students who were Caucasian arrived and within minutes of them sitting down their name was called. 10 – 15 minutes passed as Buffington waited, yet no one called his name. A CTC employee walked past and Buffington told the employee that he was there for testing and wondered when his name will be called. The employee asked his name and Buffington told him. The employee told Buffington to wait and that someone will call his name.

COMPLAINT AND JURY DEMAND - 11

26.  As Buffington waited in the hallway a man would occasionally walk by and finally asked who Buffington was and why was he at the CTC. Buffington stated to the unknown person that he was there for testing. The person told Buffington that he was not on the list to be tested, all of his students are busy testing others and for Buffington to go to the county for testing.

27.  During this encounter this person never identified himself, not until Buffington asked who he was. He told him that his name and Buffington then asked if the pair could go to his office to discuss this matter. Buffington when into the office and the person gave Buffington a note pad and told him to write down his student ID number, name, and phone number. He then gave Buffington his business card and said, "Sorry". As Buffington walked out, he looked at the card and it lists, Steve Saladin, CTC Testing Director.

COMPLAINT AND JURY DEMAND - 12

28. When Buffington arrives at his on-campus apartment he checks

his past emails where he finds the email from Candi Bailey stating

she will forward the email stating I was first on the list to be tested

and she will forward the communication to the testing director. The

testing director is Saladin, meaning had previous knowledge since

the summer of 2017 of who Buffington was and his testing

appointment yet refused to test Buffington on November 11, 2017.


29.    Sunday November 12, 2017 Buffington submitted a student complaint to University

of Idaho's Office of Civil Rights and Investigations (OCRI) stating the

    following: **From:** ocri

    **Sent:** Monday, November 13, 2017 8:26 AM

    **To:** Buffington, Kwasi (buff6894@vandals.uidaho.edu)

    <buff6894@vandals.uidaho.edu>

    **Cc:** ocri <ocri@uidaho.edu>; askjoe <askjoe@uidaho.edu>; Morrison, Hassel


COMPLAINT AND JURY DEMAND - 13

(hmorrison@uidaho.edu) <hmorrison@uidaho.edu>; OCRI, Archive (ocri-

archive@uidaho.edu)  ocri-archive@uidaho.edu


30. **Subject:** Response to Complaint Form

    Mr. Buffington,

We have received the complaint form that you filed on Sunday, November 12, 2017.  Based

on the information you submitted we cannot determine an articulable basis for

discrimination.  Therefore, your complaint has been referred to the Dean of Students Office

and they have been cc'd on this communication.

    Sincerely,

**Office of Civil Rights and Investigations  |  University of Idaho**

530 S Asbury St, Suite 5 | Moscow, ID 83844-2431 | □: 208.885.4285 | □: 208.885.9494

| www.uidaho.edu/ocri


COMPLAINT AND JURY DEMAND - 14

*This transmission is from the University of Idaho Office of Civil Rights and Investigations and is intended only for those persons and/or entities to whom it is addressed. Please do not forward. The information transmitted may be confidential. If this message is not intended for you, do not disseminate, distribute or copy this e-mail. If you have received this e-mail in error, please notify the sender immediately and destroy the message completely. Any unauthorized use of this transmission is strictly prohibited.*

31.  It is impossible for OCRI to implement a full investigation of my complaint in less than 24 hours let alone on a Sunday when University of Idaho employees are not working. OCRI suggest I include any additional information via email or an additional complaint form. Buffington asked OCRI what was their bases for such determination and that a face-to-face meeting with him would be appropriate, which is due process. OCRI refused to meet with Buffington so that he could provide sufficient information and referred the case to Dr. Hassel Morrison.

32. Dr. Morrison sent an email to OCRI on Tuesday, November 14, 2017 after our meeting on Monday, November 13, 2017:

COMPLAINT AND JURY DEMAND - 15

33. Morrison, Hassel (hmorrison@uidaho.edu)

      Tue 11/14/2017, 4:01 PM

      Greetings OCRI

      After receiving the below communication, Mr. Kwasi Buffington came to the Dean

of Students office yesterday with two other professionals from the university wanting to

speak with me or Dr. Blaine Eckles.  Kwasi was placed on my schedule and I met with him

today at 11:00am.  Brian Dulin joined Kwasi at the meeting

34. After speaking with Kwasi, he seemed to be concerned about what happened to him at

Testing Services in CTC.  Additionally, he was concerned about the communication from

OCRI once he submitted the report.

35. Regarding the Testing Services in CTC concern:

COMPLAINT AND JURY DEMAND - 16

36. He described what he experienced as what he perceived as discrimination based on his Race, Color, or Disability.

37. He described what he experienced as unprofessional.

Regarding the OCRI concern:

38. He wanted to learn how OCRI could make an assessment of his report without an initial conversation with him to learn the context of the report.

39. He was concerned that as a victim of perceived discrimination, he was not believed based on a preliminary report that he submitted while frustrated and confused.

40. He was being asked to produce additional information about his experience via email, which he thought was impersonal/insensitive.

41. He had concerns about not knowing who from OCRI was communicating with him.

COMPLAINT AND JURY DEMAND - 17

42.  I informed Kwasi that I would reach out to OCRI and based on his concerns (listed

above), I would recommend that someone from OCRI proceed with an initial inquiry into

his matter.  Kwasi anticipates someone from OCRI reaching out to him within a week or so

to set up an in-person appointment.   Kwasi, asked to be copied on this communication and

has asked the Dean of Students office to help advocate on his behalf.

> Regards
>
> **Dr. Hassel Andre Morrison | Associate Dean of Students**
>
> Office of the Dean of Students
>
> Division of Student Affairs
>
> The University of Idah0

43.  The complaint was given to Associate Dean of Students Hassell Morrison via Erin

Agidius Director of OCRI. Agidius could not answer basic questions about the inner-

workings of OCRI thus Buffington refused to meet with her until she had answers to his

important questions.

COMPLAINT AND JURY DEMAND - 18

44.  Morrison who held a meeting with student Buffington, Deputy Director of OCRI and Morrison who was there only as a witness while Buffington and Ewan met and discussed the events.

45. In this meeting Buffington raised specific questions as to way OCRI did not thoroughly investigate the matters and why was he given no due process. Agidius was not at this meeting and being Agidius, Director of OCRI was the contact person Buffington was in previous communications with she should have been at this meeting. Instead the Deputy Director of OCRI, Lindsay Ewan was there.

46.  It was not until December 12, 2017 when a meeting was finally scheduled with OCRI. This is almost one month later after OCRI's refusal to meet with Buffington to discuss his issiues. Buffington was expecting for OCRI Director Erin Agidius to be at the meeting being she was the person he was in communication with but was met by Dr. Morrison and Deputy Director Lindsay Ewan.

COMPLAINT AND JURY DEMAND - 19

47. Dr. Morrison stated to Ms. Ewan and myself that he was only there as a witness and to listen. Ms. Ewan then went on to explain her role and asked if Buffington had any questions. He stated, "Yes, but I doubt you can answer them." It is at this moment is when Buffington produced and handed a copy of questions to Ms. Ewan.

48. Ms. Ewan also asked him his age during this meeting. He asked her why she needed to know Buffington's age and she replied that he included age discrimination in my complaint. Buffington told her his age and stated to her that information can easily be found in his file, therefore Ms. Ewan asking Buffington's age is not appropriate given the fact that his student information is available for her to view and to bring with her for the meeting. Ms. Ewan was ill prepared only having a blank yellow legal pad in which she took notes.

49. After explaining his situation, he handed her a copy of question he had, not only about

COMPLAINT AND JURY DEMAND - 20

CTC, but also about the OCRI process. Ms. Ewan stated to Buffington that she will get back to him with the answers to his questions.

50.  Buffington did not hear back from Ms. Ewan, Ms. Agidius, or anyone in OCRI or Dr. Morrison. It was not until February 16, 2018 when Buffington took the initiative to email Ms. Ewan asking her if she had the answers to the questions, he gave to her. She then forwarded the email to Ms. Agidius who replied stating that while Ms. Ewan or Dr. Morrison do not recall any questions being left unanswered, she would be happy to meet with Buffington to clear up any confusion. He told Ms. Agidius that there is no confusion and at this juncture the only questions he needs answered are the ones he gave to Ms. Ewan answered.

51. Ms. Agidius replied stating that Ms. Ewan does not recall that Buffington gave a list of questions to her, but in a later email Ms. Agidius admits that although Ms. Ewan does recall a list of questions being handed to her by Buffington, she (Ms. Ewan) cannot find them.

COMPLAINT AND JURY DEMAND - 21

52.   It was at this point that Buffington stopped communicating with OCRI, due to the fact

that OCRI cannot answer basic questions about their functions that he included in his

questions. This is a blatant conspiracy to cover up the fact they (OCRI/Ms. Ewan and Ms.

Agidius) intentionally lied to Buffington to keep from investigating the CTC misshape, to

protect Dr. Saladin and to avoid answering the specific questions Buffington asked about

the innerworkings of OCRI and to this day he is still waiting for them to answer his

questions.


53.   Agidius, Erin (erina@uidaho.edu)

       Fri 2/16, 4:51 PM

       Kwasi,

       My name is Erin Agidius and I am the Director of OCRI. Deputy

       Director, Lindsay Ewan, forwarded me your concerns so I am responding to your

       email from today.


COMPLAINT AND JURY DEMAND - 22

While it's my understanding, from your email, that you did have an opportunity to meet with OCRI, I am happy to arrange another time to meet. Given that your initial concern has been addressed, as was communicated during your December 12, 2017 meeting with both Dr. Morrison and Deputy Director Ewan, I am hopeful that our meeting can focus on other matters. Please let me know a few times you are available next week, excluding Monday (2/19), as it is a holiday, and Wednesday (2/21), as I am unavailable that day.

54. Simply for informational purposes, and my apologies if this was not communicated clearly previously, it is typical to our process that if insufficient information is provided at the outset, we will ask the reporting party to provide more details prior to a meeting. This, in part, helps to ensure we respect the time of all involved and minimize the need for multiple follow-up meetings, sufficiently evaluate the applicable policies and processes, etc. If the information provided does not warrant a full investigation, as is within my discretion as Director, then we look to resolve matters informally. This may include, for an employee, working to address the concern through a supervisor. Or, for a student, connecting the

COMPLAINT AND JURY DEMAND - 23

student with support personnel in the Dean of Students Office. There are few individuals in the Dean of Students Office able to address these informal processes and those individuals often have an area of "expertise" (e.g., sexual misconduct, academic deficiencies, medical concerns, etc.). Your specific matter, as is the situation with many students, fell to Dr. Morrison's relative purview.

Thank you,

Erin

Erin Agidius

Director, Office *of* Civil Rights and Investigations

530 S Asbury Street, Suite 5 | Moscow, ID 83843

☐ 208.885.4285 |☐ OCRI@uidaho.edu

*This transmission is from the University of Idaho Office of Civil Rights and Investigations and is intended only for those persons and/or entities to whom it is addressed. Please do not forward. The information transmitted may be confidential. If this message is not intended for you, do not disseminate, distribute or copy this e-mail. If you have received this e-mail in error, please notify the*

COMPLAINT AND JURY DEMAND - 24

*sender immediately and destroy the message completely. Any unauthorized use of*

*this transmission is strictly prohibited.*

55. Buffington, Kwasi (buff6894@vandals.uidaho.edu)

Tue 2/20, 7:52 AM

Agidius, Erin (erina@uidaho.edu);

Sent Items

Hi Erin,

Thank you for explaining the process. It would appear that you are treating this as an informal complaint. As I understand, OCRI works with the Dean of Students during this process, yet the process has not been executed because you made the decision that the information and documents, I provided to OCRI are insufficient. I provided proof of discrimination or at the least an employee/federal violation for rejecting a student for testing.

COMPLAINT AND JURY DEMAND - 25

56.  It would appear that your department has done nothing to look into this. If so I would
have received communication from your department after my initial meeting. There was no
follow up from you or anyone in your department. This is why I say although you are going
by procedure you have yet to fully execute the process.

57.  While I understand that you have the right to facilitate and assign others to the case I
feel that this form of communication is dysfunctional because you were not present during
the meeting and I expected to see you there because you were the person I was
communicating with, but upon arrival, Lindsay was there and not you. So, the information
that was collected, relayed and the actual story of events that took place is second hand
information. How can you as director make the decision not to attend, yet base your ruling
from someone else? You also have the right to be inclusive and you should have been at the
meeting along with Lindsay, Dr. Morrison and myself. It is my opinion that your decision
not to investigate is bias due to the fact that you were not present to hear, witness, ask
questions, take notes, etc.

COMPLAINT AND JURY DEMAND - 26

58. Yes, you are correct. I did have the opportunity to meet with OCRI, but this was due to my efforts to meet with OCRI after your department initially refused to meet with me so it was not initiated by OCRI or OCRI procedure

59. Also, you mention that you would be happy to arrange another time to meet? This is where the miscommunication comes into play. After the meeting Lindsay said she would be in touch to answer the questions I gave to her. I received no follow-up and my concern was not addressed at the meeting, for I stated my case and I have been awaiting follow-up. You are making it appear like everything was resolved at that meeting when in fact it was the beginning. You should have been at that meeting, Erin. I take my education very serious as well as this issue and if it is your decision that you find no evidence of discrimination and to close this case the least you can do is to find out how and why this testing incident happened to me.

COMPLAINT AND JURY DEMAND - 27

60. The question now is when are you prepared to meet because I am and have been waiting to hear something from your department and no one has communicated anything to me since my initial meeting where I was told there would be follow up.

Best, Kwasi

61. Wed 2/21,
3:37 PM
Kwasi,

I understand your concerns and am happy to clarify any confusion that still exists. As stated in my previous email, please let me know a few times you are available to meet as I would be happy to provide clarity, including my role in the process, and the process itself.

Erin

---------------------------------------------------

Erin Agidius

COMPLAINT AND JURY DEMAND - 28